# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JAMES A. GODBOLT,**
**DOC # 266979,**

    **Plaintiff,**

**vs.**                                           **Case No.  4:22cv275-MW-MAF**

**SOCIAL SECURITY**
**ADMINISTRATION,**

    **Defendant.**
**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a petition for writ of mandamus, ECF No. 1, on July 21, 2022.  However, Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion.  An Order was entered on July 25th, advising Plaintiff that if he wanted to proceed, he must do one or the other.  ECF No. 3.  Plaintiff's deadline for compliance was **August 26, 2022**.  Plaintiff was also informed that if he did not want to continue this case, a notice of voluntary dismissal must be filed by the same deadline.  Furthermore, he was warned that if he failed to comply with that Order, it would result in a recommendation to dismiss this

case. *Id.* As of this date, nothing further has been received from Plaintiff. It appears that Plaintiff has abandoned this litigation and dismissal is now appropriate.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order. <u>Smith v. Bruster</u>, 424 F. App'x 912,

915 (11th Cir. 2011). Here Plaintiff was forewarned and did not respond to a Court Order; dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2022.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv275-MW-MAF